RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 3-8-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHLEEN GIORDANO | ) |
| Plaintiff, | ) |
| vs. | ) 05 10428 JLT |
| | ) Civil Suit No. _____ |
| ZIMMER, INC. | ) |
| Defendant. | ) |

MAGISTRATE JUDGE _____

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendant Zimmer, Inc. ("Zimmer"), pursuant to 28 U.S.C. §§ 1441 and 1446, notifies the Court of the removal of the above-captioned cause of action from the Commonwealth of Massachusetts, Superior Court Department, Plymouth County in which it is now pending. In support of this Notice of Removal, Zimmer states:

1. On or about January 14, 2005, Plaintiff filed a Complaint and Demand For Jury Trial ("Complaint") in the Commonwealth of Massachusetts, Superior Court Department, Plymouth County, captioned *Cathleen Giordano, Plaintiff v. Zimmer, Inc., Defendant*, Civil Suit No. PLCV2005-00068-A. The Summons, Complaint and Civil Action Cover Sheet were served on Zimmer on February 15, 2005. The Complaint, Summons and Civil Action Cover Sheet are the only pleadings filed in the state court action, copies of which are attached collectively as Exhibit A to this Notice.

2. This Notice of Removal is being filed within thirty (30) days after the simultaneous service of the Complaint and Summons by Zimmer and, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

3. Plaintiff Cathleen Giordano is, on information and belief, a citizen of the State of Massachusetts. (Complaint ¶1)

4. Zimmer is incorporated under the laws of the State of Delaware, with its principal place of business in Warsaw, Indiana.

5. This is a medical implant product liability action in which Plaintiff alleges that she was injured as a result of Zimmer's product. (Complaint ¶¶4-6)

6. The amount in controversy exceeds Seventy-five Thousand Dollars ($75,000), exclusive of interest and costs.

7. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action by reason of diversity of citizenship and an amount in controversy which exceeds the sum or value of Seventy-five Thousand Dollars ($75,000), exclusive of interest and costs.

8. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) which allows for the removal of any civil action brought in a State court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

9. Zimmer has provided notice of the removal of this action to Plaintiff and to the Commonwealth of Massachusetts, Superior Court Department, Plymouth County, by filing a "Removal Notice," together with a copy of this "Notice of Removal," in the Commonwealth of Massachusetts, Superior Court Department, Plymouth County, and by serving copies of the same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Zimmer respectfully requests this action be removed to this Court.

Respectfully submitted,

Zimmer, Inc.

By its attorney,

_____
Joseph J. Leghorn, BBO # 292440
Juan Alexander Concepcion, BBO # 658908
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1114

Dated: March 8, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that on the __3rd__ day of March, 2005, a copy of the foregoing Notice of Removal of Action was served on the following counsel of record by first-class mail, postage prepaid:

Francis J. Lynch, III
Peter E. Heppner
Lynch & Lunch
45 Briston Drive
So. Easton, MA  02375
(508) 230-2500

_____
Joseph J. Leghorn

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 3/8/05

GIORDANO - Pleading - Notice of Removal - USDC of MA (2).DOC

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH

CIVIL ACTION

NO. PLCV2005-00068-A

.....Cathleen Giordano....., Plaintiff(s)

vs.

.....Zimmer, Inc....., Defendant(s)

SUMMONS

To the above-named defendant :

You are hereby summoned and required to serve upon Peter E. Heppner .................
plaintiff attorney, whose address is 45 Bristol Dr., So. Easton, MA 02375 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Brockton either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness. **Barbara J. Rouse**, Esquire, at Brockton, the ........3rd.......... day of
...February........, in the year of our Lord two thousand and ..five.........

*Francis R. Powers*

CLERK.

NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To plaintiff's attorney: please circle type of action involved — Tort — Motor Vehicle Tort — Contract — Equitable Relief — Other.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......................................,20 ..., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant , in the following manner (See Mass. R. Civ. P. 4 (d) (1-5): ..................

Dated: .............. , 20 ..............

N.B. TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 20 .

Form 1

*[Left margin: NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office at Brockton.]*

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                    SUPERIOR COURT DEPARTMENT
                                                 CIVIL ACTION NO: PLCV2005-00068-A

CATHLEEN GIORDANO,            )
     Plaintiff               )
                             )
                             )
v.                           )
                             )
                             )
ZIMMER, INC.,                )
     Defendant               )

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. The plaintiff, Cathleen Giordano, is a natural person who, at all times material hereto, resided in Bridgewater, Plymouth County, Massachusetts.

2. The defendant, Zimmer, Inc., is a corporation with a principal place of business at 1800 West Center Street, Warsaw, Indiana, which at all times material hereto, has sales representatives, business agents, and employees/agents conducting business in the Commonwealth of Massachusetts.

3. At all times material hereto, Zimmer, Inc. was engaged in the manufacture, marketing, delivery and sale of cortical screws and other orthopedic fixation devices.

4. On or about January 17, 2002, plaintiff, Cathleen Giordano was admitted to Brockton Hospital to undergo surgery which included fixation of the great toe of her right foot.

5. In the course of the surgery of January 17, 2002 referenced in the preceding paragraph, a 2.0 mm cortical screw (hereinafter, "The Subject Cortical Screw"), which was manufactured by Zimmer Inc and /or distributed, marketed and/or sold to Brockton Hospital by Zimmer, Inc was implanted in the plaintiff's foot to achieve fixation of the great toe.

6. The Subject Cortical Screw was defective, contained a manufacturing defect, and/or was unfit for its intended purposes based upon flaws in the material, which defects/flaws reduced the strength of the screw, and left the screw subject to breaking under normal intended usage.

7. As a direct and proximate result of the failure of the subject screw, Plaintiff Cathleen Giordano has and will continue to suffer great pain of mind and body, disfigurement, deformity, loss of function of her foot and great toe, and other damages. She has been required to incur medical expenses, and forced to undergo additional surgical procedures

to remove the broken screw, achieve fixation, and to repair the damages/injuries otherwise caused by the failure of the screw.

## COUNT I – NEGLIGENCE

8. The plaintiff repeats the allegations set forth in paragraphs 1 – 7 as if set out fully herein.

9. In manufacturing for sale, selling and/or otherwise placing a product in the stream of commerce, Zimmer, Inc. had a duty to use reasonable care and is held to the standard of the ordinary reasonably prudent manufacturer, seller and/or distributor.

10. In manufacturing for sale, selling or otherwise placing The Subject Cortical Screw in the stream of commerce, Zimmer, Inc. had a duty to use reasonable care to make certain that its devices, including the Subject Cortical Screw were safe for use by medical professionals in potential patients requiring fixation during orthopedic surgery.

11. Zimmer, Inc. was negligent with respect to its manufacture, sale and/or distribution of the Subject Cortical Screw which screw contained a manufacturing defect, material flaw, and/or was otherwise unfit for use in orthopedic surgery.

12. As a result of Zimmer, Inc.'s negligence, the plaintiff was caused to suffer severe and permanent bodily injuries.

WHEREFORE the plaintiff, Cathleen Giordano, demands judgment against the defendant Zimmer, Inc. in an amount deemed reasonable by the court, as well as the costs of this action and interest.

## COUNT II – BREACH OF IMPIED WARRANTY OF MERCHANTABILITY

13. The plaintiff repeats the allegations set forth in paragraphs 1 – 12 as if set out fully herein.

14. In selling, distributing and/or otherwise placing The Subject Cortical Screw, in the stream of commerce in the commonwealth of Massachusetts, Zimmer, Inc. warranted that its product was fit for the ordinary purpose for which such goods are used, and without limiting the forgoing, Zimmer, Inc. warranted that the product was fit for its intended and anticipated use in orthopedic surgery.

15. The Subject Cortical Screw which was implanted in the plaintiff, Cathleen Giordano, was not fit for the ordinary purpose for which such goods are used, and, specifically, was not fit for the intended and anticipated use in orthopedic surgery.

16. As a result of a defect in the Subject Cortical Screw, and the failure of the Subject Cortical Screw to perform as intended and/or anticipated, the plaintiff, Cathleen Giordano, was caused to suffer severe injuries.

17. As a proximate result of the defendant's breach of the warranty of merchantability, the plaintiff, Cathleen Giordano was caused to suffer severe and permanent bodily injuries,

disfigurement, deformity, pain, suffering, loss of function, numerous additional surgeries and other damages.

WHEREFORE the plaintiff, Cathleen Giordano, demands judgment against the defendant Zimmer, Inc. in an amount deemed reasonable by the court, as well as the costs of this action and interest.

### COUNT III – BREACH OF WARRANTY OF FITNESS FOR A SPECIFIC PURPOSE

18. The plaintiff repeats the allegations set forth in paragraphs 1 – 17 as if set out fully herein.

19. Zimmer Inc. manufactured, distributed and sold fixation devices, including the Subject Cortical Screw that was implanted in the patient, Cathleen Giordano, for the specific purpose of fixation in orthopedic surgery.

20. The Subject cortical screw which was implanted in the plaintiff, Cathleen Giordano, was defective and not fit for the stated purpose, and specifically, was not fit for fixation in orthopedic surgery.

21. As a result of the failure of the Subject Cortical Screw, the plaintiff, Cathleen Giordano, was caused to suffer severe injuries.

22. As a proximate result of the defendant's breach of the warranty of fitness for a specific purpose, the plaintiff, Cathleen Giordano was caused to suffer severe and permanent bodily injuries, disfigurement, pain, suffering, loss of function, numerous additional surgeries and other damages.

WHEREFORE the plaintiff, Cathleen Giordano, demands judgment against the defendant Zimmer, Inc. in an amount deemed reasonable by the court, as well as the costs of this action and interest.

### COUNT IV – VIOLATION OF M.G.L. Ch. 93A

23. The plaintiff repeats the allegations set forth in paragraphs 1 – 22 as if set out fully herein.

24. At all times material hereto, defendant, Zimmer Inc., was engaged in trade and commerce in Massachusetts, thus the provisions of M.G.L. ch. 93A were applicable to its conduct.

25. In breaching the implied warranty of merchantability as set out in count 2, Zimmer, Inc. has violated M.G.L. ch. 93A.

26. In breaching the implied warranty of fitness for a specific purpose as set out in count 3, Zimmer, Inc. has violated M.G.L. ch. 93A.

27. The defendant, Zimmer, Inc.'s breach of the warranties of merchantability and fitness for a specific purpose constitute unfair and deceptive trade practices in violation of M.G.L. ch. 93A.

28. The plaintiff, Cathleen Giordano, by and through her attorney, presented a demand for relief to the defendant, Zimmer, Inc., in accordance with M.G.L. ch. 93A s. 9, a true and accurate copy of which is annexed hereto as exhibit A.

29. The defendant, Zimmer, Inc., failed to tender a reasonable offer of relief to the plaintiff, Cathleen Giordano within 30 days as required by M.G.L. ch. 93A.

WHEREFORE, the plaintiff, Cathleen Giordano demands judgment against the defendant, Zimmer, Inc., in an amount deemed appropriate by the court including double/treble damages provided for by M.G.L. ch. 93A, interest, costs, attorneys fees, and any additional remedy provided under M.G.L. ch. 93A and/or the regulations promulgated thereto.

**The plaintiff demands a trial by jury for all issues so triable.**

Francis J. Lynch, III, BBO #308 740
Peter E. Heppner, BBO #559 504
Attorney for the Plaintiffs
Lynch & Lynch
45 Bristol Drive
So. Easton, MA  02375
(508) 230-2500

EXHIBIT "A"

# LYNCH & LYNCH

Francis J. Lynch, III
Stephen M.A. Woodworth
Cynthia P. Karabelas
John A. Eklund
Susan E. Sullivan*
Stephen J. Duggan
Frank Prokos
Peter E. Heppner
Matthew E. Mitchell
Joseph C. Ferreira
Holly K. Lemieux

Francis J. Lynch, II
1967 - 2001
Rory P. Melvin
1988 - 2004

*Also Admitted in Rhode Island
** Also Admitted in Maine
***Also Admitted in Florida

*A PROFESSIONAL CORPORATION*

45 Bristol Drive
South Easton, MA 02375
Tel: (508) 230-2500
Fax: (508) 230-2510

32 Court Street
Second Floor
Plymouth, MA  02360

8 Faneuil Hall Marketplace
Third Floor
Boston, MA  02109

*PLEASE DIRECT ALL CORRESPONDENCE
TO SOUTH EASTON ADDRESS*

Nella M. Lussier
Susan K. Hannigan
John F. Gleavy
J. William Chamberlain, Jr.
Cynthia S. Ladd
Jeanne E. Flynn
Christiana E. Strojny**
Benjamin J. Whitney
Martin A. Adams
Michelle A. Scanlon
Bradley A. Sultan***

OF COUNSEL

Anne-Marie Finn
Ellen M. Chiocca Carey
Barry K. LaCasse

December 10, 2004            **via Federal Express**

Ms. Julie Hartman
Litigation Manager
Zimmer
Post Office Box 708
Wausau, IN  46581-0708

RE:    Cathleen Giordano
        Our File Number: 13988

### Demand under M.G.L. c. 93A

Dear Ms. Hartman:

I am submitting this letter and the enclosed material in an attempt to resolve this matter without the need to resort to Consumer Protection Litigation, and the multiple damage claims attendant thereto. My client has now finished active treatment, and she is now prepared to resolve the matter. We have previously provided Zimmer medical records so that Zimmer could evaluate Ms. Giordano's claim. Zimmer has also been provided photographs of the subject screw through a Scanning Electron Microscope and Stereo Optical Microscope. Zimmer's representative has been permitted the opportunity to inspect the subject screw. So that there can be no question that Zimmer has been provided all pertinent medical records, I enclose again the following, most of which has already been provided to you:

1. Records of Joel Chariton, D.P.M.;
2. Records of Brockton Hospital;
3. Records of Bridgewater Goddard Park Medical;
4. Records of Caritas Good Samaritan Hospital;
5. Records of Orthopedic Specialists, Inc;
6. Records of Fitness Forum;
7. Billing for the above providers (additional billing will be forwarded as received);
8. Portions of the report of Joseph Parse, PhD previously provided; and
9. Letter from George C. Brown, M.D. dated 9/10/04, (addressing causation and permanency)

As you know, Cathleen Giordano sustained significant injuries when a 2.0 cortical screw manufactured by Zimmer, fractured after it was inserted during surgery to repair a hammertoe and bunion. The surgery relied upon fixation of the left great toe by way of the subject 2.0 cortical screw, and as a result of the manufacturing defect, the screw broke into two pieces after surgery, and such fixation was not provided.

At her follow up appointment on January 22, 2001, an X-ray was performed to confirm fixation and this x-ray (previously provided to Zimmer) demonstrated that the Zimmer cortical screw was broken, and not providing the internal fixation which was intended in the surgery. An emergency procedure to remove the screw was performed on January 25, 2001. In order to reposition the toe as originally intended, two K-wires were implanted during this surgery because it was not possible to implant another screw due to the failure of the first screw. The broken screw had to be "dug out" of the bone, and placement of a new screw was not possible after such a procedure.

After this second surgery, Ms. Giordano experienced pain and discomfort as well as occasional swelling. She also experienced a limited range of motion in that toe. Over the course of the next several months, the pain in Ms. Giordano's foot did not improve, rather it increased. She underwent physical therapy to obtain a better result. Instead, she suffered a rather severe allergic reaction to a cream applied during physical therapy. This reaction necessitated further treatment.

On October 25, 2002, Ms. Giordano underwent a third surgery. This surgery was performed to remove the K-wires which were necessitated by the screw failure. These K-wires were causing Ms. Giordano's ongoing pain and discomfort. During this surgery, the surgeon noted that there was excessive scar tissue in the area of the fixation that needed to be removed.

After this third surgery, Ms. Giordano continued to experience pain and discomfort. She also experienced a contracture of the great toe. This contracture caused the toe to lift off of the ground and caused Ms. Giordano difficulty with balance as well as discomfort and embarrassment. The pain following this surgery was so severe that the percocet that she was prescribed was unable to control it. Ms. Giordano underwent several months of painful physical therapy in an attempt to remedy the contracture of the toe. She was eventually discharged from therapy, as she was not achieving any improvement of her symptoms.

The pain and discomfort of the toe contracture necessitated a fourth surgery. This surgery involved an attempt to elongate the tendon in order to restore the position of Ms. Giordano's toe. The fourth surgery was performed on September 8, 2003. During this surgery, Ms. Giordano had a severe allergic reaction to an antibiotic, necessitating additional medication. Ms. Giordano has realized only a slight improvement of her condition as a result of this fourth surgery. Her toe still does not touch the ground, however, and she still experiences pain, discomfort and loss of function in her left foot as a result. Predictably, where the great toe is contracted to a lifted position and does not touch the ground, this causes Ms. Giordano ongoing difficulty with balance.

Ms. Giordano underwent her first surgery in order to improve her quality of life. The fixation with the screw was expected to involve 4-6 weeks of recovery time. As a result of the failure of the Zimmer screw that was implanted in that surgery, Ms. Giordano has been forced to undergo three additional surgeries. These surgeries have forced Ms. Giordano to undergo months of painful recovery and therapy. Ms. Giordano has been forced to use numerous medications that would otherwise have been unnecessary, such as lidocaine, marcaine, decadron, demerol, vancomycin, percocet, vicodin, vioxx, abextra, levaquin, naprosyn, lidex, and xyrec. Ms.

Giordano has also undergone several extremely painful cortisone treatments. Ms. Giordano experienced two severe allergic reactions to treatments or drugs that were necessitated by the failure of the Zimmer screw. After almost three years of painful and uncomfortable treatment, including surgeries, Ms. Giordano is still in pain, has suffered a loss of function and experiences the ongoing resuults of a contracture which would not have occurred but for the failure of the Zimmer screw.

In addition to the surgeries, treatments, and drugs, Ms. Giordano has been forced to live for the past three years in a constant state of recovery. She has not realized a complete recovery to date and it is extremely unlikely that she ever will. The annexed report from the surgeon who has attempted to correct the problems, Dr. George Brown, demonstrates that the problems will be permanent. Dr. Brown states that if the toe contracture is not surgically corrected, the problem will not improve. He also states that surgery does not provide any guarantee of improvement, and the surgical option carries significant risks. Given that she has already endured three surgical procedures to address the problems created by the defective screw, and to date, the contracture remains, Ms Giordano has opted to **not** accept the risks of a fifth surgical procedure. As a result, according to Dr. Brown (who on information and belief, has acted as a paid consultant to Zimmer in the past on unrelated issues) Ms. Giordano is left with a permanent painful condition in her left foot. This condition has affected Ms. Giordano's life immensely.

The annexed report by Dr. Joseph Parse indicates that the 2.0 cortical screw manufactured by Zimmer and implanted during the surgery of January 17, 2001, failed due to a manufacturing defect. The annexed letter by Dr. George C. Brown indicates that the failure of the screw necessitated the three additional surgeries. Dr. Brown's letter also indicates the permanent nature of Ms. Giordano's injury. The report by Dr. Parse and the letter by Dr. Brown demonstrate Zimmer's clear liability to Ms. Giordano for the substantial injuries that she has suffered due to the failure of the Zimmer screw.

We have previously placed Zimmer on notice of Ms. Giordano's intention to pursue a claim against Zimmer for the damages arising from Zimmer's product's failure due to a manufacturing defect. This manufacturing defect made Zimmer's product unfit for its ordinary purpose and thus constitutes a breach of various warranties arising from the sale of this product, including but not limited to the implied warranty of merchantability. A breach of the implied warranty of fitness, and other warranties incident to the sale of the subject screw is an automatic violation of MGL 93a. See Maillet v ATF-Davidson, Co. Inc. 407 Mass 185 (1990), Jacobs v Yamaha Motor Corp. USA 420 Mass. 323(1995). Where there is a violation of MGL 93a, in addition to actual damages, the plaintiff will be automatically entitled to attorneys' fees and expert witness expense, among other expense. The defendant is also exposed to double or treble damages, if a reasonable offer of relief to this demand under MGL 93a, is not tendered within 30 days of Zimmer's receipt of this letter.

We placed Zimmer on notice of the claims, and provided Zimmer an opportunity to inspect the defective screw. Almost three years ago, Zimmer had been put on notice of the screw's failure by the surgeon who implanted the screw. We have provided evidence that the only such screws used at the Brockkton Hospital are Zimmer Screws. Ms. Giordano has produced clear proof on all elements of her prima facie case, and liability in this matter is abundantly clear.

In Bobick v. U.S. Fidelity & Guarantee Co. 57 Mass App Ct 1, 7, (2003) (Ftnt 6) the court indicated that "an objective test is used to decide when an (defendant's) liability becomes reasonably clear. 'The fact finder determines whether a reasonable person, with knowledge of the relevant facts and law, would probably have concluded for good reason, that the insured was liable to the plaintiff.' " Here, based upon the very clear findings of Dr. Parse, (which are

incorporated by reference herein) Zimmer's liability is reasonably clear. The medical records and opinions from the medical providers leave no question as to the extent of Ms. Giordano's damages. Based upon the forgoing, the failure to tender a reasonable offer of relief can result in an award of double or treble damages, in addition to the award of basic damages, attorneys fees, and cost. In order to avoid the potential for multiple damages, it will be Zimmer's burden to prove that its response to this demand and offer of settlement was reasonable. See Hopkins V Liberty Mutual Ins. Co. 434 Mass 556, 568-9 (2001). Specifically, in this regard, MGL 93a s9 provides:

> Any person receiving such a demand for relief who, within thirty days of the mailing or delivery of the demand for relief, makes a written tender of settlement which is rejected by the claimant may, in any subsequent action, file the written tender and an affidavit concerning its rejection and thereby limit any recovery to the relief tendered if the court finds that the relief tendered was reasonable in relation to the injury actually suffered by the petitioner. In all other cases, if the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two. For the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence, regardless of the existence or nonexistence of insurance coverage available in payment of the claim.

Enhanced damages for attorneys fees and expert expenses to date will be waived if the matter is settled within the next 30 days. As set forth in the documents previously provided, Ms. Giordano's medical expenses are $16,476.44 to date, not including the cost of prescriptions. The cost of the multiple surgeries, however, is the least significant aspect of Ms. Giordano's damages. The true damages arise from the ongoing pain, discomfort, and the impact on Ms. Giordano's life caused by a contracted toe, which no longer touches the ground.

Demand is hereby made upon Zimmer for settlement in the amount of the $375,000.00. If the matter is not settled within 30 days, suit will be commenced and the claims for multiple damges, attorneys fees, and costs, will be fully pursued.

We look forward to Zimmer's response in compliance with MGL 93a.


Very truly yours,


Peter E. Heppner
PEH:rh
Enclosures

Commonwealth of Massachusetts
County of Plymouth
The Superior Court

CIVIL DOCKET# **PLCV2005-00068-A**

RE:   **Giordano v Zimmer Inc.**

TO: Peter E Heppner, Esquire
Lynch & Lynch
45 Bristol Drive
S Easton, MA 02375

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 04/14/2005 |
| Response to the complaint filed (also see MRCP 12) | 06/13/2005 |
| All motions under MRCP 12, 19, and 20 filed | 06/13/2005 |
| All motions under MRCP 15 filed | 04/09/2006 |
| All discovery requests and depositions completed | 03/05/2007 |
| All motions under MRCP 56 served and heard | 05/04/2007 |
| Final pre-trial conference held and firm trial date set | 09/01/2007 |
| Case disposed | 01/14/2008 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session **A** sitting **in CtRm 4 (72 Belmont Street, Brockton), Plymouth Superior Court.**

Dated: 01/14/2005

Francis R. Powers
Clerk of the Courts

BY: David Biggs
Assistant Clerk

Location: CtRm 4 (72 Belmont Street, Brockton)
Telephone: (508) 583-8250 ext. 305

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website for status of case: http://ma-trialcourts.org/tcic
cvdtraca_2.wpd 439634 trkset eliasreb

1-14-05

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05- 0067A | Trial Court of Massachusetts Superior Court Department County: Plymouth |
|---|---|---|

| PLAINTIFF(S) Cathleen Giordano | DEFENDANT(S) Zimmer, Inc. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Peter E. Heppner, Lynch & Lynch 45 Bristol Dr., So. Easton, MA Board of Bar Overseers number: 559 504 | ATTORNEY (if Known) |

Original code and track designation

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- ☐ 4. F04 District Court Appeal c. 231, s. 97 & 104 (after trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgement/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | (A) | (X) YES ( ) NO |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
    1. Total hospital expenses                              $ 15,161.44
    2. Total Doctor expenses                                $
    3. Total chiropractic expenses                          $
    4. Total physical therapy expenses                      $ 1,315.00
    5. Total other expenses (describe)                      $
                                                   Subtotal $ 16,476.44
B.  Documented lost wages and compensation to date          $
C.  Documented property damages to date                     $
D.  Reasonably anticipated future medical and hospital expenses $
E.  Reasonably anticipated lost wages                       $
F.  Other documented items of damages (describe)            $

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)
    Plaintiff has undergone three additional surgeries and has been caused to suffer permanent deformity and loss of function due to the failure of a surgical fixation device.                     $ unknown
                                                   TOTAL    in excess of $25,000.00

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JAN [illegible]

[signature]
CLERK

CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL    $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record [signature]                 DATE: 1/14/05

AOTC-6 mtc005-11/99
a.o.s.c. 1-2000

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cathleen Giordano

### DEFENDANTS
Zimmer, Inc.

**05  10428  JLT**

(b) County of Residence of First Listed Plaintiff: **Plymouth County, MA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Warsaw, Indiana**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Francis J. Lynch, III, Peter E. Heppner, Lynch & Lynch, 45 Bristol Drive, South Easton, MA 02375, (508) 230-2500

Attorneys (If Known)
Joseph J. Leghorn, Juan Alexander Concepcion, Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110, (617) 345-1114

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS--Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1441 and 1446

Brief description of cause:
State Case being removed to Federal Court on basis of complete diversity of jurisdiction.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 375,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 3/8/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Cathleen Giordano v. Zimmer, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
   - [✓] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   05 10428 JLT

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __none__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Joseph J. Leghorn, Esq., Juan Alexander Concepcion, Esq., Nixon Peabody, LLP__
ADDRESS __100 Summer Street, Boston, MA 02110__
TELEPHONE NO. __(617) 345-1114__

(CategoryForm.wpd - 2/15/05)