UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHLEEN GIORDANO )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ZIMMER, INC. )<br>)<br>Defendant. ) | Civil Action No. 05-10428JL<br>Trial by jury demanded |

## ZIMMER, INC.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Zimmer, Inc. ("Zimmer"), responds to the Complaint filed by the plaintiff, Cathleen Giordano ("Plaintiff"), as follows:

1. Zimmer lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies the allegations.

2. Zimmer admits only that the principal office of Zimmer is located in Warsaw, Indiana, that it is incorporated under the laws of the State of Delaware. Zimmer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 and therefore denies the allegations.

3. Zimmer admits only that it designs, manufactures and sells orthopedic fixation products. Zimmer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 and therefore denies the allegations.

4. Zimmer lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies the allegations.

5. Zimmer lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies the allegations.

6. Zimmer denies the allegations of paragraph 6.

-2-

7. Zimmer lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies the allegations.

## COUNT I – NEGLIGENCE

8. Zimmer incorporates its responses to paragraphs 1 through 7 of Plaintiff's Complaint as though fully set forth herein.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent that paragraph 9 contains factual allegations, Zimmer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 9 and therefore denies the factual allegations.

10. Paragraph 10 states a legal conclusion to which no response is required. To the extent that paragraph 10 contains factual allegations, Zimmer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 10 and therefore denies the factual allegations.

11. Zimmer denies the allegations of paragraph 11.

12. Zimmer denies the allegations of paragraph 12.

## COUNT II – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

13. Zimmer incorporates its responses to paragraphs 1 through 12 of Plaintiff's Complaint as though fully set forth herein.

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent that paragraph 14 contains factual allegations, Zimmer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 14 and therefore denies the factual allegations.

15. Zimmer denies the allegations of paragraph 15.

bos1473079v1

16. Zimmer denies the allegations of paragraph 16.

17. Zimmer denies the allegations of paragraph 17.

### COUNT III – BREACH OF WARRANTY OF FITNESS FOR A SPECIFIC PURPOSE

18. Zimmer incorporates its responses to paragraphs 1 through 17 of Plaintiff's Complaint as though fully set forth herein.

19. Paragraph 19 states a legal conclusion to which no response is required. To the extent that paragraph 19 contains factual allegations, Zimmer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 19 and therefore denies the factual allegations.

20. Zimmer denies the allegations of paragraph 20.

21. Zimmer denies the allegations of paragraph 21.

22. Zimmer denies the allegations of paragraph 22.

### COUNT IV – VIOLATION OF M.G.L. Ch. 93A

23. Zimmer incorporates its responses to paragraphs 1 through 22 of Plaintiff's Complaint as though fully set forth herein.

24. Paragraph 24 states a legal conclusion to which no response is required. To the extent that paragraph 24 contains factual allegations, Zimmer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 24 and therefore denies the factual allegations.

25. Zimmer denies the allegations of paragraph 25.

26. Zimmer denies the allegations of paragraph 26.

27. Zimmer denies the allegations of paragraph 27.

28. Paragraph 28 states a legal conclusion to which no response is required.

29.  Paragraph 29 states a legal conclusion to which no response is required. To the extent that paragraph 29 contains factual allegations, Zimmer denies them.

## ADDITIONAL DEFENSES

As and for its additional defenses, Zimmer alleges as follows:

1. If the plaintiff sustained injuries or incurred expenses as alleged, her injuries or damages were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Zimmer was not responsible and with whom Zimmer has no legal connection.

2. Any amount that the plaintiff claims as compensatory damages, if the claims for such amounts are not entirely barred, must be diminished proportionately by the comparative negligence of the plaintiff as set forth in M.G.L. c. 231, § 85.

3. If the plaintiff sustained injuries or incurred expenses as alleged, her injuries or expenses were the result of intervening and/or superseding causes, and not a result of the acts or omissions of Zimmer.

4. The plaintiff cannot recover under the Complaint because Zimmer complied with all applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States, the State of Massachusetts, and/or any agency of the United States or the State of Massachusetts.

5. If the plaintiff sustained injuries or incurred expenses as alleged, her injuries or expenses were caused by the misuse of the product, and such misuse could not have been reasonably expected by Zimmer.

6. If the plaintiff sustained injuries or incurred expenses as alleged, her injuries or expenses were caused by a modification of the product, and such modification could not have been reasonably expected by Zimmer.

bos1473079v1

7. The plaintiff's recovery is barred because the product at issue was in conformity with the generally recognized state of the art at the time it was designed, manufactured, packaged and labeled.

8. The plaintiff's claims for breach of warranty for a specific purpose are barred because the plaintiff did not rely on such warranty nor did such warranty exist.

9. The plaintiff was negligent, and her negligence caused her alleged injuries and damages, if any.

10. The plaintiff's recovery is barred because the subject product is a prescription medical device that is reasonably safe because reasonable health care providers prescribe the device for a class of patients, knowing the device's foreseeable risks and therapeutic benefits.

11. The plaintiff's alleged injuries and damages, if any, may have resulted from the pre-existing and/or unrelated medical conditions, injuries, or diseases of the plaintiff.

12. The plaintiff's claims are barred by virtue of the intervention of a learned intermediary or intermediaries to whom any duty to warn was discharged.

13. The plaintiff's claims may be barred in whole or in part by the sophisticated user doctrine.

14. Zimmer reserves the right to assert any additional defenses which it may learn through discovery and further reserves the right to adopt and assert all defenses pled by other defendants.

WHEREFORE, Zimmer, Inc. respectfully requests that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Complaint on the merits and with prejudice; that Zimmer, Inc. be awarded its costs, disbursements, and attorney fees incurred in the defense of this action; and that the Court award such other and further relief as it deems equitable and just.

bos1473079v1

-6-

## JURY DEMAND

Zimmer demands trial by jury on all claims and all issues of fact.

Respectfully submitted,

Zimmer, Inc.

By its attorney,

/s/ Joseph J. Leghorn_____
Joseph J. Leghorn, BBO #292440
Juan A. Concepcion, BBO #658908
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
Dated: March 10, 2005                    (617) 345-1114

-7-

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 10th day of March, 2005, a copy of the foregoing ZIMMER, INC.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL was served on the following counsel of record by first-class mail, postage prepaid:

Francis J. Lynch, III
Peter E. Heppner
Lynch & Lunch
45 Briston Drive
So. Easton, MA  02375
(508) 230-2500

/s/ Joseph J. Leghorn

bos1473079v1