UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHLEEN GIORDANO, )<br>)<br>　　　*Plaintiff*, )<br>)<br>vs. )<br>)<br>ZIMMER, INC., )<br>)<br>　　　*Defendant*. )<br>) | Civil Suit No. 05-10428-JLT<br><br>**JURY TRIAL DEMANDED** |

## DISCOVERY CONFERENCE REPORT

Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1, counsel for the Parties ("the Parties") have conferred regarding proposed discovery dates. The Parties respectfully submit the following joint statement of their proposed discovery plans.

### Statement of the Case

On January 14, 2005, Plaintiff filed a civil action, styled *Giordano v. Zimmer, Inc., Civil Action No. PLCV2005-00068* ("the state action"), in Plymouth County Superior Court. The Defendant was served on February 15, 2005.

Plaintiff alleges that, on January 17, 2002, she underwent fixation of the great toe of her right foot with a 2.0 mm cortical screw to repair a hammertoe and bunion. On January 22, 2002, an x-ray showed the screw was broken. An emergency procedure to remove the broken screw was performed on January 25, 2002, at which time two K-wires were implanted because it was not possible to implant another screw. The broken screw had to be "dug out" of the bone and placement of a new screw was not possible.

BOS1483389.1

Plaintiff further alleges that on October 25, 2002, another surgery was performed to remove the K-wires due to pain. After the procedure, Plaintiff continued to experience pain and discomfort as well as contracture of her great toe, which causes the toe to lift off the ground and creates difficulty with balance as well as discomfort and pain. On September 8, 2003, a fourth surgery was performed to attempt to elongate the tendon in order to restore the position of the toe. The procedure only realized a slight improvement of her condition and her toe still does not touch the ground. Plaintiff has decided not to go forward with another surgical procedure.

Plaintiff further alleges that Defendant manufactured, marketed, and sold the cortical screw in question. Plaintiff further alleges that the screw was defective, contained a manufacturing defect, and/or was unfit for its intended purposes based on flaws in the material which the strength of the screw and left the screw subject to breaking under normal intended usage.

On March 9, 2005, Defendant removed the state action to the United States District Court for the District of Massachusetts. An initial scheduling conference will be held on May 3, 2005.

## Joint Statement of Proposed Discovery Plan

(1) **Initial Disclosures.** Pursuant to Fed. R. Civ. P. Rule 26 and LR 26.2(A), the Parties will make their initial disclosures by May 17, 2005.

(2) **Interrogatories and First Request for Production of Documents.** Interrogatories and the First Request for the Production of Documents will be served by June 30, 2005 and response and production will be completed by July 31, 2005.

(3) **Amendment.** The Parties agree that the Complaint may be amended to add other parties until August 15, 2005. The Parties agree that if the Complaint or Answer is substantially amended that the deadlines set forth herein may need to be reconsidered.

BOS1483389.1

(4) **Fact Discovery.** Fact discovery will be completed by January 31, 2006, except that Requests for Admissions may be filed up to and including February 15, 2006. Further, the Parties believe, at this time, that they will not need to take more than 10 depositions each, exclusive of expert witnesses .

(5) **Experts.** Plaintiff's trial experts will be designated and a disclosure of information, as contemplated by Fed. R. Civ. P. Rule 26, will be made by October 15, 2005. Defendant's designation and disclosure of its trial experts will be made by November 15, 2005. Expert disclosures may be supplemented after the initial disclosure and up to February 14, 2006, provided that such supplemental disclosures shall be based on information that became available after the time of the initial disclosures, and if such supplemental disclosures are made after the deposition of the expert whose disclosure is supplemented, it shall be based on information that has become available after said deposition and said expert will be made available for a supplemental deposition limited to the supplemental disclosure and of no more than 2 hours in duration prior to February 28, 2006.

(6) **ADR/Mediation.** The Parties have discussed mediation and, at this junction, have decided to stay alternative dispute resolution ("ADR") proceedings pending the examination of the product in question. The Parties will advise the Court on or before November 15, 2005 regarding the examination and their decision to participate in ADR/mediation. The Parties agree that ADR/Mediation, either through the court-sponsored program or a private mediator, will be completed on or before January 15, 2006.

(7) **Examination.** The Parties have discussed, and are discussing, protocols for inspection of the product in question to allow examination and the appropriateness of destructive testing which is anticipated to occur by October 15, 2005.

(8)     **Expert Depositions.**  Depositions of Plaintiff's experts will be completed October 31, 2005 and depositions of Defendant's experts will be completed by January 15, 2006.

(9)     **Dispositive Motions.**  All dispositive motions shall be filed by February 15, 2006.

(10)    To aid the disclosure of information and the discovery process, the Parties plan to submit, no later than the date of the scheduling conference, a stipulation concerning a process to preserve the confidentiality of certain information and the Parties request that it be endorsed and entered at that time as an order of the Court pursuant to Fed. R. Civ. P. 26(c).

(11)    **Final Pretrial Conference.**  The final pretrial hearing will be held on April 24, 2006.

(12)    **Trial Date.**  The trial date will be May 1, 2006.

Respectfully submitted,                                   Respectfully submitted,

| CATHLEEN GIORDANO,<br>By her Attorney,<br><br>/s/ Peter E. Heppner<br><br>Francis J. Lynch, III, BBO No. 308740<br>Peter E. Heppner, BBO No. 559504<br>LYNCH & LYNCH, P.C.<br>45 Bristol Drive<br>South Easton, Massachusetts  02375<br>(508) 230-2500<br><br><br><br><br><br>Dated: April 26, 2005 | ZIMMER, INC.,<br>By Its Attorneys,<br><br>/s/ Joseph J. Leghorn<br><br>Joseph J. Leghorn, BBO No. 292440<br>Juan Alexander Concepción, BBO No. 658908<br>NIXON PEABODY LLP<br>100 Summer Street<br>Boston, Massachusetts  02110<br>(617) 345-1000<br><br>J. Stephen Bennett, Esquire<br>(Pro Hac Vice Admission to be filed)<br>BAKER & DANIELS<br>111 East Wayne Street, Suite 800<br>Fort Wayne, Indiana  46802<br>(260) 424-8000<br><br>Dated: April 26, 2005 |

BOS1483389.1